IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN B. OROPEZA,              )
                              )
            Petitioner,        )
                              )
      v.                       )   Civ. No. 11-396-SLR
                              )
PERRY PHELPS,                  )
Warden, and ATTORNEY           )
GENERAL OF THE STATE           )
OF DELAWARE,                   )
                              )
            Respondents.       )

### MEMORANDUM ORDER

At Wilmington this $\cancel{25}$th day of April, 2012;

IT IS ORDERED that petitioner Kevin B. Oropeza's motion for representation by counsel (D.I. 26) is **DENIED** without prejudice to renew, for the reasons that follow:

1.  It is well-settled that a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Nevertheless, a court may seek representation by counsel for a petitioner who demonstrates " special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

2. Here, petitioner requests representation by counsel because he cannot afford counsel; he is unskilled in the law; he believes the issues in this case are complex; he suffers from a permanent herniated disk injury which makes it difficult to write legibly and focus; he has limited access to the law library; some of his legal materials were lost during a prison transfer, and these materials would help substantiate the claims asserted in his application; and he has limited ability to pursue an effective investigation due to his incarceration. However, after viewing these reasons in conjunction with petitioner's other filings in this case, the court concludes that the interests of justice do not require representation by counsel at this time. It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

UNITED STATES DISTRICT JUDGE