IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN B. OROPEZA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 11-396-SLR |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents.[1] ) | |

## MEMORANDUM ORDER

At Wilmington this 12th day of March, 2014;

IT IS ORDERED that petitioner Kevin B. Oropeza's motion for representation by counsel (D.I. 42) is **DENIED** without prejudice to renew, for the reasons that follow:

1. It is well-settled that a petitioner does not have an automatic constitutional or statutory right to representation in a federal habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Nevertheless, a court may seek representation by counsel for a petitioner who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the

---

[1]Warden David Pierce replaced former Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

"interests of justice so require"). Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent petitioner include: (1) the merits of the petitioner's claim; (2) the petitioner's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the petitioner's ability to pursue such investigation; (5) the petitioner's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

2. Here, petitioner requests representation by counsel because he was not provided representation during his Rule 61 proceeding in the Delaware state courts. Citing *Martinez v. Ryan*, ___ U. S. ___, 132 S.Ct. 1309 (2012), petitioner contends that the United States Supreme Court recognized an exception to *Coleman*'s general rule that there is no automatic constitutional right to counsel in collateral proceedings, and asserts that he needs representation in order to present ineffective assistance of counsel claims in the instant habeas proceeding. (D.I. 42 at 1)

3. Contrary to petitioner's assertion, *Martinez* did not recognize or create an automatic constitutional right to counsel in collateral proceedings. *See Martinez*, 132 S.Ct. at 1319. Rather, *Martinez* held for the first time that the ineffective assistance of counsel during initial collateral review proceedings, or the failure to appoint counsel during initial collateral review proceedings, may establish cause in a federal habeas proceeding sufficient to excuse a petitioner's **procedural default** of a claim of

2

ineffective assistance of trial counsel when, under state law, claims of ineffective assistance of trial counsel must be raised in an initial review collateral proceeding rather than on direct appeal. *Id.* (emphasis added). In other words, *Martinez* creates a limited method for petitioners in federal habeas cases to prove cause for excusing their state court **procedural default** of certain ineffective assistance of counsel claims.

4. Consequently, even after *Martinez*, a federal habeas court presented with a motion requesting representation by counsel must still determine if the petitioner has demonstrated special circumstances such that the interests of justice require representation.

5. After viewing petitioner's motion in conjunction with petitioner's other filings in this case, the court concludes that the interests of justice do not require representation by counsel at this time. Petitioner's filings demonstrate his ability to articulate his claims and represent himself. The case appears to be fairly straightforward and capable of resolution on the record. It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations. For these reasons, the court denies petitioner's motion.

                                                                                                                                             /s/ [signature]
                                                              UNITED STATES DISTRICT JUDGE