IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN B. OROPEZA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) Civ. No. 11-396-SLR | |
| | ) | |
| DAVID PIERCE, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

---

Kevin B. Oropeza.  Pro se petitioner.

Karen Sullivan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

---

**MEMORANDUM OPINION**

April   9  , 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Kevin B. Oropeza's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 2; D.I. 25) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. PROCEDURAL BACKGROUND

In November 1992, a Delaware Superior Court jury convicted petitioner of first degree murder, first degree conspiracy, and two related weapons charges. *See State v. Oropeza*, 2010 WL 1511570, at *1-2 (Del. Super. Apr. 16, 2010). The Superior Court sentenced him to life in prison plus a term of years. On November 1, 1993, the Delaware Supreme Court affirmed petitioner's convictions and sentence. *See Oropeza v. State*, 633 A.2d 371 (Table),1993 WL 445482 (Del. Nov. 1, 1993).

On February 12, 2010, petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See Oropeza*, 2010 WL 1511570. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on February 17, 2011. *See Oropeza v. State*, 15 A.3d 217 (Table), 2011 WL 578729 (Del. Feb. 17, 2011).

In 2011, petitioner filed a § 2254 application asserting seven grounds for relief, which can be divided into the following three categories: (1) the Delaware State Courts misinterpreted Delaware precedent and Delaware law in denying his Rule 61 motion and holding that petitioner was not entitled to relief under *Allen v. State*, 970 A.2d 2003 (Del. 2009); (2) he is actually innocent of the murder; and (3) ineffective assistance of

counsel. The State filed an answer, asserting that the application should be denied in its entirety as time-barred or, alternatively, because the claims either fail to assert issues cognizable on federal habeas review or are procedurally barred. (D.I. 28)

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B). Petitioner does, however, allege that he is entitled to a later starting date under § 2244(d)(1)(C) and/or (D) because he filed his Rule 61 motion within one year of the Delaware Supreme Court's decision in *Allen v. State*, 970 A.2d

203 (Del. 2009). His contention is unavailing. In *Allen*, the Delaware Supreme Court reinterpreted 11 Del. Code § 274 and reconciled its inconsistent application of § 274 by holding that a defendant is entitled to an accomplice liability instruction requiring the jury to make an individualized determination regarding his own mental state and accountability for any aggravating fact or circumstances when the charges are divided into degrees. *See Allen*, 970 A.2d at 214. The *Allen* rule does not trigger a later starting date under § 2244(d)(1)(C) because the rule was announced by the Delaware Supreme Court with respect to state law, and does not constitute a newly recognized federal constitutional right made retroactively applicable on collateral review by the United States Supreme Court. The *Allen* rule also does not trigger a later starting date under § 2244(d)(1)(D), because petitioner was not a party to the case. *C.f. Johnson v. United States*, 544 U.S. 295 (2005)(holding that a notice of order vacating a federal prisoner's prior state conviction used to enhance federal sentence triggers AEDPA's one year limitations period, provided petitioner has shown due diligence in seeking the order); *see Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005)(explaining that a state court decision clarifying or re-defining state law does not trigger § 2244(d)(1)(D) unless the petitioner was party to that case). Therefore, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. *See*

*Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).  However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas applications, thereby extending the filing period through April 23, 1997.[1]  *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004).

Here, petitioner's conviction became final in January 1994,[2] giving him until April 23,1997 to timely file his application.  Petitioner, however, did not file the instant application until March 11, 2011.[3]  Therefore, the application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled.  *See Holland*

---

[1]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases).  Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed. R. Civ. P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit.  In the present situation, however, petitioner filed his application well-past either cut-off date, rendering the one-day difference immaterial.

[2]The Delaware Supreme Court affirmed petitioner's convictions and sentences on November 1, 1993, and he did not seek certiorari review.  Therefore, his judgment of conviction became final on January 30, 1994.  *See Kapral*, 166 F.3d at 575-78.

[3]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court.  *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney*, 215 F.Supp.2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing).  Here, the application is dated March 11, 2011, but the envelope is post-marked May 4, 2011.  Because petitioner's application is untimely regardless of the date used, the court will deem the application filed on March 11, 2011.

*v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).  The court will discuss each doctrine in turn.

## A.  Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period.  *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).  In this case, petitioner filed his Rule 61 motion in February 2010, almost thirteen years after the expiration of the limitations period.  As such, the Rule 61 motion does not have any statutory tolling effect.  Accordingly, the application is time-barred unless equitable tolling applies.

## B.  Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49 (emphasis added).  Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

(1)  where the defendant actively misled the plaintiff;
(2)  where the plaintiff was in some extraordinary way prevented from asserting his rights; or

5

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum. *Jones*, 195 F.3d at 159.

Here, petitioner appears to allege that the limitations period should be equitably tolled because he is actually innocent and because the attorney he retained to file a Rule 61 motion never did so and completely abandoned him. Neither of these arguments triggers equitable tolling.

To begin, neither the Supreme Court nor the Third Circuit has determined whether a credible claim of actual innocence can equitably toll AEDPA's limitations period. *See, e.g., Teagle v. Diguglielmo,* 336 F. App'x 209, 212-13 (3d Cir. 2009)(non-precedential); *McKeever v. Warden SCI-Graterford,* 486 F.3d 81, 84 n.5 (3d Cir. 2007). Nevertheless, even if a petitioner's actual innocence could warrant equitable tolling, petitioner would have to demonstrate (a) "new reliable evidence" that was previously unavailable and establishes that it is more likely than not that no reasonable juror would have convicted him, and (b) that he exercised reasonable diligence in bringing his claim. *See Schlup v. Delo,* 513 U.S. 298, 324, 327-28 (1995); *Teagle,* 336 F. App'x. at 212-13; *Reed v. Harlow,* 2011 WL 4914869 at *2 n.2 (3d Cir. Oct. 17, 2011)(non-precedential). Petitioner contends that he is actually innocent because: (1) pursuant to *Allen,* the trial court improperly instructed the jury on accomplice liability; and (2) his coconspirator in the murder, Gregory Augustine, was later found to have been the principal or to be solely responsible for the murder of Proud. Neither of these contentions constitute "new reliable evidence" sufficient to satisfy the *Schlup* standard. Significantly, petitioner cannot benefit from the *Allen* decision because the Delaware Supreme Court has held

6

that *Allen* is not retroactively applicable on collateral review. *See Richardson v. State*, 3 A.3d 233 (Del. 2010). Moreover, in his Rule 61 proceeding, the Delaware State Courts held that, even if *Allen* were retroactively applicable, it would have no effect on petitioner's case because the evidence presented to the jury established that he was the principal. *See Oropeza*, 2010 WL 1511570. And finally, petitioner himself testified at coconspirator Augustine's trial and admitted that he (petitioner) was solely responsible for Proud's murder. *See State v. Augustine*, 1997 WL 128100, at *7-8 (Del. Super. Feb. 28, 1997). Given these circumstances, the court concludes that petitioner's assertion of actual innocence does not warrant equitable tolling.

Petitioner's assertion that the limitations period should be equitably tolled because the attorney he hired in July 1994[4] to file a Rule 61 motion abandoned him and failed to do so is equally unavailing. The Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes. *See Holland*, 560 U.S. at 636-38. An "egregious error" includes instances where an attorney fails to file an appeal after an explicit request from the petitioner,[5] "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004). However, in order for a petitioner to "obtain relief [through equitable tolling], there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal [application]."

---

[4]*See Oropeza v. Maurer*, 860 A.2d 811 (Table), 2004 WL 2154292, at *1 (Del. Oct. 8, 2004).

[5]*See Velazquez v. Grace*, 277 F. App'x 258 (3d Cir. 2008).

*Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013). In this case, equitable tolling is not available on the basis of counsel's performance because petitioner has failed to demonstrate a causal connection between retained counsel's failure to file a Rule 61 motion in the 1990s and petitioner's failure to file the instant petition before 2011.

Finally, to the extent petitioner's untimely filing was the result of a miscalculation regarding the one-year filing period, it is well-settled that such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[6]

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a

---

[6]Having concluded that the instant application is time-barred, the court will not discuss the State's alternative reason for denying the application.

certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.